37 F.3d 1510
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Lee JONES, also known as Anthony L. Turner, also known
as "Batman," Defendant-Appellant.
 No. 94-5033.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 The defendant, James Lee Jones, was convicted of "Possession of a Firearm after Former Conviction of a Felony" (18 U.S.C. 922(g)) and sentenced to 87 months in prison. Mr. Jones has appealed on three issues.
 
 
 3
 First, Mr. Jones challenges the constitutionality of 18 U.S.C. 922(g)(1) in that it allegedly violates the Equal Protection Clause. As Mr. Jones acknowledges, the constitutionality of this section has already been established. See United States v. Sherbondy, 865 F.2d 996, 1003 (9th Cir.1988), relying on Lewis v. United States, 445 U.S. 55, 66 (1980) (rejecting a similar challenge to the predecessor statute).
 
 
 4
 Mr. Jones also challenges the sufficiency of the evidence used to convict him. The evidence, both direct and circumstantial, together with the reasonable inferences to be drawn therefrom, was more than adequate for a reasonable jury to find the defendant guilty beyond a reasonable doubt.
 
 
 5
 Finally, Mr. Jones also contends that the court erred in determining his base offense level under the sentencing guidelines. He objects particularly to the addition of three points under U.S.S.G. 3A1.2(b) for endangering a law enforcement officer. The same evidence used to convict Mr. Jones was sufficient for the court to make this finding. It was not clearly erroneous.
 
 
 6
 The conviction and sentence are AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470